UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LAGOS,<br><br>          Plaintiff,<br><br>     v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>          Defendant. | Case No. 5:15-cv-04524-PSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**(Re: Docket No. 7)** |

Earlier this year, Plaintiff Thomas Lagos applied for a job with Defendant Leland Stanford Junior University. As part of his application, he viewed and signed a disclosure form authorizing Stanford to run a background check on him. On behalf of himself and others similarly situated, Lagos has sued Stanford under the Fair Credit Reporting Act, alleging that Stanford's disclosure form contained extraneous information prohibited by law. Because Lagos has alleged facts sufficient to state a facially plausible claim for relief, Stanford's motion to dismiss is DENIED.

**I.**

Under the FCRA, before an employer is allowed to obtain a consumer report on a prospective employee, the employer must make "a clear and conspicuous disclosure" to the prospective candidate "that a consumer report may be obtained for employment purposes."[1] The disclosure must be "in writing" and "in a document that consists solely of the disclosure."[2] The

---

[1] 15 U.S.C. § 1681b(b)(2)(i).

[2] *Id.*

1
Case No. 5:15-cv-04524-PSG
ORDER DENYING MOTION TO DISMISS

1  disclosure form also may include the candidate's authorization for the consumer report.[3]

2  This court has twice considered just how strictly the FCRA's requirement that the disclosure form consist "solely" of the disclosure (and the consumer's authorization) ought to be interpreted. *Peikhoff v. Paramount Pictures Corp.* held that including a one-sentence certification of truth in the disclosure form did not violate the "solely" requirement, because the certification was "closely related" to the "statutorily permitted authorization" and "similarly serve[d] to 'focus the consumer's attention on the disclosure.'"[4] *Harris v. Home Depot U.S.A., Inc.* later distinguished *Peikhoff*'s one-sentence certification of truth from including a liability waiver in the FCRA disclosure form.[5] While a certification of truth might be "so closely related [to the FCRA disclosure] that it was inherently implausible anyone would include it in a willful attempt to violate the statute," a liability waiver "is distinguishable because it is 'independent from the disclosure and authorization.'"[6] *Harris* then denied Home Depot's motion to dismiss, finding that Harris had pled facts sufficient to state a claim that Home Depot had willfully violated the FCRA by including a liability waiver in its FCRA disclosure.[7]

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[8]

---

[3] *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

[4] Case No. 15-cv-00068-VC, 2015 U.S. Dist. LEXIS 63642, at *3-4 (N.D. Cal. March 26, 2015) (quoting Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Harold Hawkey, Emp'rs Assoc. of N.J. (Dec. 18, 1997), 1997 WL 33791224, at *3).

[5] *See* Case No. 15-cv-01058-VC, 2015 U.S. Dist. LEXIS 93576, at *4 (N.D. Cal. June 30, 2015)

[6] *Id.* (quoting *Peikhoff*, 2015 U.S. Dist. LEXIS 63642, at *3).

[7] *Harris*, 2015 U.S. Dist. LEXIS 93576, at *5.

[8] *See* Docket Nos. 9, 10.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[9]  When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[10]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[12]  Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[13]

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[14]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[15]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[16]

### III.

Applying the standards as set forth above, Stanford's motion fails.

---

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[12] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[13] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[14] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[15] *See id.*

[16] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

*First*, Stanford's FCRA disclosure form included seven state law notices informing consumers of their additional rights under state law.[17]  The authorization form also included the following sentence: "I also understand that nothing herein shall be construed as an offer of employment or contract for services."[18]  Both the state law notices and the sentence of understanding plausibly violate Section 1681b(b)(2)(i)'s requirement that the FCRA disclosure be in a document consisting "solely of the disclosure" (and the authorization form).  Unlike *Peikhoff*'s certification of truth, the state law notices and sentence of understanding are not "closely related" to the FCRA disclosure.  Stanford argues that the state law notices give job applicants "important relevant information that *contributes* to . . . the required disclosure,"[19] but the state law notices provide information about applicants' rights under the laws of seven states, not under the FCRA.  It therefore is unclear how the state law notices contribute to the disclosure required by the FCRA.

As for the sentence of understanding, Stanford candidly admitted at oral argument that its inclusion in the authorization form undermined Stanford's disclosure as a standalone form as required by the FCRA.[20]  The sentence does not serve to focus an applicant's attention on the FCRA disclosure, as it is unrelated to the FCRA's directive to state "that a consumer report may be obtained for employment purposes."[21]

*Second*, Lagos has alleged sufficient facts to state a facially plausible claim that Stanford's violation of the FCRA was willful.  *Harris* held that additional language unlikely to focus the applicant's attention on the FCRA disclosure was sufficient to support a willful violation claim at

---

[17] *See* Docket No. 7-1 at 2-3.

[18] *Id.* at 4.

[19] Docket No. 7 at 7.

[20] *See* Docket No. 23.

[21] 15 U.S.C. § 1681b(b)(2)(i).

4
Case No. 5:15-cv-04524-PSG
ORDER DENYING MOTION TO DISMISS

the pleading stage.  The sentence of understanding in Stanford's form is closer to the liability waiver in *Harris* than the certification of truth in *Peikhoff*, because like the liability waiver, it has nothing to do with the FCRA.  It serves only to clarify that authorizing Stanford to obtain a background investigation does not mean the job applicant is receiving a job offer.  It is unlikely to focus the applicant's attention on the FCRA disclosure, and it therefore is plausible that Stanford "inserted this language into the disclosure form despite knowing that to do so would violate the FCRA, or at least with reckless disregard for the FCRA's requirements."[22]

**SO ORDERED.**

Dated: December 4, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[22] *Harris*, 2015 U.S. Dist. LEXIS 93576, at *5.

Case No. 5:15-cv-04524-PSG
ORDER DENYING MOTION TO DISMISS

5